**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tony A. Berger,<br><br>            Plaintiff,<br><br>v.<br><br>Mike and Kathy Shopa, *et al.*,<br><br>            Defendants. | No. CV-24-00262-TUC-RCC (EJM)<br><br>**REPORT AND RECOMMENDATION** |

Currently pending before the Court is Defendants Cochise County and Judge Trevor Ward's Motion to Dismiss (Doc. 25) and Motion to Strike Plaintiff's Improper Sur-Reply (Doc. 33). Plaintiff has filed responses in opposition Defendants to Cochise County and Ward's motions, as well as a sur-reply to the motion to dismiss. Pl.'s Response to Mot. to Dismiss (Doc. 29); Pl.'s Response to Doc. 31 (Doc. 32); Pl.'s Obj. to Mot. to Strike (Doc. 34). Defendants Cochise County and Ward have replied. Defs. Cochise Co. and Ward's Reply to Mot. to Dismiss (Doc. 31); Defs. Cochise Co. and Ward's Reply in Support of Mot. to Strike (Doc. 35).

In its discretion, the Court finds this case suitable for decision without oral argument. *See* LRCiv. 7.2(f). The Parties have adequately presented the facts and legal arguments in their briefs and supporting documents, and the decisional process would not be significantly aided by oral argument. The Magistrate Judge recommends that the District Court deny Defendants Cochise County and Judge Trevor Ward's Motion to Strike Plaintiff's Improper Sur-Reply (Doc. 33) and grant their Motion to Dismiss (Doc. 25), but allow Plaintiff leave to amend his Complaint.

I.     **FACTUAL BACKGROUND**[1]

Plaintiff Tony A. Berger, an Arizona resident, filed this cause of action against Mike and Kathy Shopa; Wayne Bounds; Cathy Shelton; Cochise County; and Trevor J. Ward, Precinct No. 4 Judge. *See* Compl. (Doc. 1). Defendants Mike and Kathy Shopa are the owners of property neighboring that of Plaintiff. Compl. (Doc. 1-2) at 1. Plaintiff challenged the Shopa's compliance with a well agreement in a November 30, 2023, arbitration hearing. *Id.* During the arbitration hearing, the arbitrator allowed the Shopa's to present evidence "from another federal case that [Plaintiff was] involved in, which has no bearing on the well share agreement." *Id.*

Plaintiff appealed the arbitration decision "to the Justice Court on January 16, 2024, where Judge Trevor J. Ward allowed the Shopa's to repeat the same defamatory statements and blatant perjurious assertions as the Shopa's did in arbitration court[.]" *Id.* at 3. "Judge Ward also allowed discussion of [Plaintiff's] Federal Court Case No. 22-2582[,] [in the Seventh] Circuit[,] [which] has no authority over nor does that case have anything to do with the Well Agreement case, No. 4CV202300127 in Justice Court Precinct No. 4, in Cochise County, Arizona." *Id.*

Plaintiff next "appealed the decision of Judge Trevor J. Ward[,] . . . [whose] decision was to dismiss the case because of zero proof economic loss[,]" to the Arizona superior court. Compl. (Doc. 1-2) at 3. Judge Ward had "the Clerk tell [Plaintiff that] all [he] needed was [his] Memorandum." *Id.* Plaintiff believed that Judge Ward purposely mislead him.

Later, in January 2024, Defendants Cathy Shelton and Wayne Bounds "spun-out their truck throwing gravel and road dirt all over" Plaintiff while he was walking on East Indian Ridge Road near his property. *Id.* at 1–2. Defendant Shelton "works for the Shopa's taking care of [their] Airbnb." *Id.* at 2. "The [Cochise County] Sherriff's dep[artment]

---

[1] For purposes of this Report and Recommendation only, the Court will take as true the allegations contained in Plaintiff's Complaint (Doc. 1). The Court has generally limited the factual recitation to those facts relevant to Defendants Cochise County and Judge Trevor Ward.

- 2 -

refused to charge Cathy Shelton at all and would only write a disorderly conduct on Wayne Lynn Bounds." *Id.* Plaintiff believes that the Cochise County Sheriff's Department showed favoritism to Defendant Shelton because her family "are long time Rancher's [sic] of Cochise County." Compl. (Doc. 1-2) at 2.

## II. MOTION TO STRIKE

Defendants Cochise County and Ward seek an Order striking Plaintiff's Response to Document 31 Filed 10/31/2024 (Doc. 32). A surresponse is "[a] second response by someone who opposes a motion." Black's Law Dictionary (12th ed. 2024). The Local Rules[2] of this Court allow only for a motion, response, and reply. *See* LRCiv. 7.2. In this instance, the Court finds the information helpful to its resolution of the pending motion to dismiss and will therefore consider the surresponse. Plaintiff is on notice, however, that any future filings must comply with Rule 7.2, Local Rules of Civil Procedure. Accordingly, Defendant's motion to strike (Doc. 33) will be denied.

## III. MOTION TO DISMISS

### A. *Standard of Review*

A complaint is to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(a), Fed. R. Civ. P. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998) ("conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss.").

Dismissal is appropriate where a plaintiff has failed to "state a claim upon which relief can be granted." Rule 12(b)(6), Fed. R. Civ. P. "To survive a motion to dismiss, a

---

[2] Rules of Practice of the U.S. District Court for the District of Arizona.

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Further, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citations omitted).

"When ruling on a motion to dismiss, [the Court must] accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Association for Los Angeles Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011) (quoting *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005)). "The court draws all reasonable inferences in favor of the plaintiff." *Id.* (citing *Newcal Industries, Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008)). This Court is not required, however, to accept conclusory statements as a factual basis. *See Twombly*, 550 U.S. at 555; *Mann v. City of Tucson*, 782 F.2d 790, 793 (9th Cir. 1986) ("Although we must, in general, accept the facts alleged in the complaint as true, wholly vague and conclusory allegations are not sufficient to withstand a motion to dismiss.").

### *B.   Analysis*

Defendants Cochise County and Ward seek dismissal of Plaintiff's Complaint (Doc. 1) because 1) this Court lacks subject matter jurisdiction based on the *Rooker-Feldman* doctrine to hear "claims against Judge Ward or the County regarding Judge Ward's judicial decisions"; 2) Defendant Ward is protected by judicial immunity; and 3) Plaintiff has failed to plead a *Monell* claim against Defendant Cochise County. *See* Defs. Cochise Co. and Ward's Mot. to Dismiss (Doc. 25).

#### **1.   *Rooker-Feldman***

The *Rooker-Feldman* Doctrine precludes a district court from reviewing state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *District of Columbia Court of Appeals v. Feldman*, 450 U.S. 462, 483 (1983); *Exxon Mobil Corp. v. Saudi Basic*

*Industries Corp.*, 544 U.S. 280, 291–92 (2005). The Supreme Court of the United States has held that this doctrine "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284. The Supreme Court has further recognized that "even though a 'state-court decision is not reviewable by lower federal courts,' a 'statute or rule governing the decision may be challenged in a federal action.'" *Reed v. Goertz*, 598 U.S. 230, 235 (2023) (quoting *Skinner v. Switzer*, 562 U.S. 521, 532 (2011)).

Here, Plaintiff lost in state court when his state court case was dismissed because he failed to show economic loss. Compl. (Doc. 1-2) at 3. Plaintiff now "complain[s] of injuries caused by [the] state-court judgments rendered before th[is] district court proceeding[] commenced and invit[es] district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284. Such a claim falls squarely within the proscriptions of the *Rooker-Feldman* Doctrine and this Court lacks jurisdiction to hear it. As such, this claim will be dismissed without leave to amend.

## 2. Judicial Immunity

It is well-established law that a judicial officer "exercising the authority vested in him" is immune from suit. *Stump v. Sparkman*, 435 U.S. 349, 355 (1978); *see also Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). Such judicial immunity extends to civil rights actions alleging constitutional deprivations under Section 1983, Title 42, United States Code. *See Stump*, 435 U.S. at 356. Furthermore, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* at 356–57 (quoting *Bradley v. Fisher*, 13 Wall. 335, 351 (1872)); *see also Pierson v. Ray*, 386 U.S. 547, 554 (1967).

Here, Judge Ward is immune from suit. Judge Ward's actions of which Plaintiff complains were clearly "function[s] normally performed by a judge" and within his

jurisdiction. *See Crooks*, 913 F.2d at 700.  Judge Ward heard evidence and issued rulings in his role as the judicial officer assigned to Plaintiff's arbitration appeal.  Additionally, to the extent Plaintiff seeks Judge Ward's removal, this case is not the proper forum.  "The proper channel for challenging a justice of the peace's decision or fitness for office is through the state judicial system." *Gorenc v. Bean*, 996 F.2d 1224, 1993 WL 230199, at *2 (9th Cir. 1993) (citing A.R.S. §§ 12-124, 22-261-65, 22-371-75; then citing *In re Walker*, 736 P.2d 790, 791 (Ariz. 1987)).  As such, Judge Ward is entitled to absolute judicial immunity and shall be dismissed from this lawsuit.

### 3. *Monell* Liability

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dept. of Soc. Services of New York*, 436 U.S. 658, 694 (1978).  "[Section] 1983 c[an]not be interpreted to incorporate doctrines of vicarious liability." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986).  "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694.  Furthermore, "[a] supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040 (9th Cir. 1989).  The burden is on Plaintiff to "allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Here, Plaintiff's allegations against Cochise County are without sufficient factual content to support a finding of systemic policies in violation of constitutional rights, and are "just the sort of conclusory allegation[s] that the *Iqbal* Court deemed inadequate." *Moss v. U.S. Secret Service*, 572 F.3d 962, 970 (9th Cir. 2009) (finding allegations of systemic viewpoint discrimination at the highest levels of the Secret Service without any factual support similarly inadequate).  Plaintiff's speculations are insufficient to meet his

burden. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level"); *see also Mann v. City of Tucson*, 782 F.2d 790, 793 (9th Cir. 1986) ("Although we must, in general, accept the facts alleged in the complaint as true, wholly vague and conclusory allegations are not sufficient to withstand a motion to dismiss."). The Court will dismiss this claim for failure to state a claim.

### 4. Leave to Amend

"[I]n dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern Calif. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). After review of all of Plaintiff's filings in this case, the Court cannot say with certainty that there is no set of facts that could be alleged sufficient to support a claim against Cochise County or an individual defendant. Accordingly, the Court will grant Plaintiff leave to amend his Complaint. This is **not**, however, an opportunity to reallege claims that have been fully dismissed herein.

Furthermore, an amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the original Complaint is treated as nonexistent. *Ferdik*, 963 F.2d at 1262. Thus, grounds for relief alleged in the original Petition that are not alleged in an amended petition are waived. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## IV. WARNINGS

### A. *Extensions of Time*

Plaintiff must seek an extension of time each time he requires additional time, and such motion must be filed prior to the due date of any response. *See* Fed. R. Civ. P. 6.

### B. *Address Changes*

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C.     Copies

Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv. 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.     Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

## V.     RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Court enter an order:

(1) DENYING Defendants Cochise County and Judge Trevor Ward's Motion to Strike Plaintiff's Improper Sur-Reply (Doc. 33);

(2) GRANTING Defendants Cochise County and Judge Trevor Ward's Motion to Dismiss (Doc. 25); and

(3) DISMISSING Plaintiff's Complaint (Doc. 1) WITH LEAVE TO AMEND.

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CV-24-00262-**

**TUC-RCC**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review. The Clerk of the Court shall send a copy of this Report and Recommendation to all parties.

Dated this 31st day of December, 2024.

_____
Eric J. Markovich
United States Magistrate Judge